UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRIDE OF SAN JUAN, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. C06-2032 SBA (BZ) |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION ON** |
| | ) | **DAMAGES** |
| SUNAGRA, INC. and CHARLES K. | ) | |
| DIBLE, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

By Order dated October 3, 2006, the Honorable Saundra
Brown Armstrong referred this case to a Magistrate Judge for a
report and recommendation on the proper amount of damages.
Having been assigned the matter, I recommend that plaintiff
Pride of San Juan, Inc. be awarded legal fees in the amount of
$21,886.74 plus prejudgment interest on the $10,005.50
principal outstanding balance calculated at a rate of 1.5% per
month.

This case came before Judge Armstrong as an enforcement
action under the Perishable Agricultural Commodities Act
(PACA).  7 U.S.C. § 499a, <u>et seq</u>.  As described in Judge
Armstrong's Order, plaintiff is a seller of wholesale produce,

1    SunAgra is a buyer or seller of wholesale produce, and Charles

2    Dible is the principal of SunAgra.  <u>See</u> Order at 1.  Between

3    October and December 2005, plaintiff sold defendants on credit

4    produce valued at $10,005.50.[1]  The controlling credit

5    agreement signed by Dible provides that a 1.5% monthly service

6    charge would be assessed on unpaid balances.  In addition, the

7    agreement provided for the assessment of reasonable legal fees

8    in the event that an enforcement action is brought to collect

9    payment.

10       Plaintiff filed its March 16 Complaint seeking payment of

11    the principal, interest on the principal, and attorneys' fees

12    and costs.  <u>See</u> <u>id.</u>  Plaintiff thereafter sought summary

13    judgment against defendants.  Judge Armstrong granted

14    plaintiff summary judgment against Dible.[2]  Judge Armstrong

15    concluded that Dible is liable to plaintiff for the $10,005.50

16    principal, and for an amount of interest and attorneys' fees

17    and costs to be determined.

18       Although PACA does not expressly provide for attorneys'

19    fees or interest, losses under the statute encompass related

20    expenses including contractual rights to attorneys' fees and

21    interest.  <u>See</u> <u>Middle Mt. Land and Produce Inc. v. Sound</u>

22    <u>Commodities Inc.</u>, 307 F.3d 1220, 1225-26 (9th Cir. 2002)

23    (interpreting 7 U.S.C. § 499e©(2)); <u>Rey Rey Produce SFO, Inc.</u>

24    _____

25       [1]    The total principal amount due derives from eleven
      separate transactions ranging in amount from $600.00 to
26    $2,365.00.

27       [2]    Default had, at the time of the Order, been entered
      against SunAgra.  Thus, Judge Armstrong denied summary judgment
28    as against SunAgra, noting that the proper procedure would be
      for plaintiff to file a motion for default judgment.

1   <u>v. M&M Produce and Food Service Supplies, Inc.</u>, 2006 WL

2   1867633, at *3-*4 (N.D. Cal. July 5, 2006).  As discussed in

3   Judge Armstrong's Order, the credit agreement is binding and

4   provides a contractual basis for plaintiff's requests for fees

5   and interest.

6        By its terms, the credit agreement provides for the

7   assessment of reasonable legal fees.  Plaintiff requests fees

8   and costs totaling $26,537.74 but does not explain how it

9   calculates this amount.  Dible filed an Opposition *pro per*

10  arguing that the amount requested is excessive and exorbitant.

11  The documentation provided, however, does justify a

12  substantial portion of the fees requested.

13       Plaintiff is represented by two law firms: Borton,

14  Petrini & Conron, and Keaton & Associates.  David Bremer, of

15  the Borton firm, served as plaintiff's local counsel and

16  submitted a declaration in support of the request for fees.

17  The declaration identifies Bremer's hourly rate ($290.00 per

18  hour), time spent on the matter (16.20 hours), and related

19  costs incurred ($683.76), totaling $5,381.76.  Bremer declares

20  that he has reviewed all billing statements but does not

21  provide them.  His declaration in no way describes the tasks

22  or services performed on behalf of plaintiff.  Bremer wholly

23  fails to explain the $683.76 in costs.  His claims are

24  therefore difficult to assess.

25       On the other hand, Bremer declares under penalty of

26  perjury that his rates are reasonable and competitive in the

27  field;  that the bills submitted to plaintiff were accurate;

28  and that the work time he billed was reasonable and necessary.

In addition, billing records from plaintiff's other firm, Keaton, refer to work accomplished by "Local Counsel". Thus, although Bremer's showing lacks detail, see Local Civil Rule 54-6, some amount of compensation is reasonable. I recommend that the court invoke its discretion and 1) deny the request for $683.76 in costs, and 2) reduce by 50% the $4698.00 fee request, for a total of $2,349.00, to reflect Bremer's inadequate documentation.

The Keaton firm, in contrast, provided a detailed declaration and copies of all billing statements through September 2006. Michael Keaton, the attorney primarily responsible for handling the litigation, sets forth in his declaration the various hourly rates billed by his firm and explains how the firm charges clients for associated costs. Both Keaton's declaration and the billing records provide detailed descriptions of the legal tasks performed. The records account for the hours spent on each task and state the applicable billing rates. Keaton states that his firm's billing rates are competitive in the field of PACA enforcement, and that all work was reasonable and necessary. Moreover, Keaton declares that plaintiff made repeated attempts to settle the matter and that defendants' opposition necessitated filing of the summary judgment motion.

Defendant Dible attacks the Keaton request on numerous grounds. Defendant claims to be familiar with litigation in the PACA field, and states that the Keaton fees are excessive. As proof, defendant proffers documents relating to two separate actions against SunAgra and Dible in which the

4

1   prevailing parties requested $1,540.00 and $2,764.00
2   respectively in attorneys' fees and costs.  Both actions,
3   however, were decided by way of default judgment.  As
4   explained by Mr. Keaton, and as documented by the billing
5   records, moving for summary judgment entailed further expense.
6        Additionally, defendant Dible asserts that he retained an
7   attorney to settle the matter and that plaintiff frivolously
8   refused to accept settlement.  Dible, however, offered just
9   over half of the amount for which Judge Armstrong found
10  defendants liable, claiming that plaintiff owed money to
11  SunAgra.  Simply put, Dible's averments suggest that he knew
12  he owed plaintiff money and confirm Keaton's explanation of
13  the need for a summary judgment motion.
14       Finally, Dible claims to have previously hired Keaton &
15  Associates to represent him and SunAgra in unrelated PACA
16  litigation.  Dible does not explain why he did not raise this
17  issue earlier or how the firm's previous work could effect the
18  reasonableness of the legal fees requested in this matter.
19       The tasks and costs documented appear reasonable and
20  necessary to the litigation.  I therefore recommend that the
21  court grant plaintiff the $19,537.74 in legal fees documented
22  by Keaton in his declaration and billing records.[3]  Adding the
23  $2,349.00 and $19,537.74 figures, I recommend that the court
24
25  ────────────
26       [3]    In his declaration, Keaton estimates that an
    additional $6,500 were incurred in fees and costs in the month
    of October.  As Keaton states, however, his estimate is
27  "subject to submission of actual figures once they become
    available."  I therefore recommend that the court deny this
28  request until counsel provides documentation.

1   award plaintiff a total of $21,886.74 in legal fees.[4]

2       Plaintiff also seeks pre-judgment interest on the

3   principal balance at a rate of 1.5% per month.  As noted,

4   Judge Armstrong determined that plaintiff possesses a

5   contractual right to this interest.  The only question is the

6   amount owed.

7       Plaintiff submitted a calculation table demonstrating the

8   interest accrued through November 1.  The table calculates the

9   monthly interest on each of the eleven separate transactions,

10  beginning from the date each was due.  The interest is then

11  added, for a total of $1,693.69.  The calculation appears to

12  conform to the terms of the credit application.[5]  The

13  interest, however, continues to accrue.  Therefore, I

14  recommend that the court award plaintiff the $10,005.50

15  principal balance plus prejudgment interest at the rate of

16  1.5% per month, to be calculated from the dates on which each

17

18      [4]   In his Opposition, defendant Dible argues that the
    legal costs plaintiff requests are out of proportion to the
19  principal owed.  While it is true that the $21,886.74 award I
    recommend is more than double the principal amount at issue,
20  the evidence demonstrates the reasonableness of plaintiff's
    handling of the case.
21

22      [5]   In its Motion for Summary Judgment, plaintiff
    submitted a version of the table calculating accrued interest
23  through July 26, 2006.  See Pl. Mot. for Summ. J., Exh. A.
    According to a declaration by Peter Trenz in support of the
24  motion, "[t]he rate is set forth at the statutory rate of
    .00075% per month."  It is not at all clear what statute Trenz
25  refers to, or to what extent the rate is used to calculate the
    interest.  Indeed, the table itself explicitly references the
26  1.5% contractual rate.  What is clear is that the rate of
    interest here is dictated by the contractual terms binding the
27  parties.  See Rey Rey Produce SFO, Inc., 2006 WL 1867633, at
    *4.  There is no mention of a .00075% rate in the credit
28  agreement.  Thus, I recommend that the court limit plaintiff's
    interest calculations to the 1.5% contractual rate.

1  of the eleven transaction balances first came due.  I further

2  recommend that the plaintiffs update their calculations as the

3  court may direct.

4      For the reasons discussed, I recommend that the court

5  award plaintiff 1) $21,886.74 in legal fees, and 2) the

6  $10,005.50 principal balance plus prejudgment interest at the

7  rate of 1.5% per month to be calculated from the dates the

8  balances were first due.

9  Dated: November 16, 2006

10

11  _____

12      Bernard Zimmerman
    United States Magistrate Judge

13

14  G:\BZALL\-REFS\PRIDE OF SAN JUAN\REP.REC.PACA.DAMAGES.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28